UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LIONEL JORDAN,

                Plaintiff,

-against-

LONG ISLAND RAILROAD COMPANY
and D & C UNITED, INC.,

                Defendant.
------------------------------------------------------------------------X

COMPLAINT

PLAINTIFF
DEMANDS
TRIAL BY JURY

Plaintiffs, through his attorney, FREDRIC M. GOLD, PC, respectfully alleges upon information and belief as follows:

## THE PARTIES

1. At all times hereinafter mentioned, the plaintiff was a resident of the state of New York, Orange County, currently residing at 3560 State Route 94, Chester, NY 10918

2. Upon information and belief and at all times herein mentioned, the defendant *Long Island Railroad Company (hereinafter "LIRR")* was a public benefit corporation organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief and at all times herein mentioned, the defendant LIRR has been and still is doing business in the County of New York, State of New York, within the jurisdiction of this Court.

4. Upon information and belief and at all times herein mentioned, the defendant LIRR was and now is a common carrier by rail engaged in interstate commerce between different states in the United States.

5. Upon information and belief and at all times herein mentioned, the defendant LIRR maintained and controlled railroad operations in the County of Queens, in the State of

New York, which in addition to offices, tracks, rails, tunnels, switches, sidings, roadbeds and appurtenances thereto also included motor vehicles used and maintained under its direction and control and in furtherance of its business in interstate commerce.

6. Upon information and belief and at all times herein mentioned, the defendant LIRR owned and allowed to be operated by its employees a 2016 Ford Van bearing the New York State License plate number AU6121.

7. Upon information and belief and at all times herein mentioned, the defendant LIRR employed the plaintiff in the Third Rail Department in furtherance of its business in interstate commerce

8. At all times hereinafter mention the defendant *D & C UNITED, INC. hereinafter "D&C"* was a domestic business corporation existing and operating under the laws of the State of New York and having its principal place of business located at 1199 East 53rd Street, Suite 3G, Brooklyn, New York 11234.

9. At all times hereinafter mentioned, defendant D&C owned and allowed to be operated a truck bearing the New York State license plate number 58599MM.

## AS AND FOR A FIRST CAUSE OF ACTION

10. The action herein arises under the Federal Employer's Liability Act (45 U.S.C. Sec. 51 et al.).

11. That on or about July 23, 2021 and at all times hereinafter mentioned, the aforementioned vehicle van bearing the New York State License plate # AU6121 was owned operated with the permission and consent of the defendant LIRR by its employee *Gregory Suarez*.

12. That on or about July 23, 2021 and at all times hereinafter mentioned, while the plaintiff, as an employee of the defendant LIRR and in the performance of his duties

therefor, was a passenger in the aforementioned vehicle bearing the New York State License plate # AU6121 with the permission and consent of the defendant LIRR.

13. That at all times hereinafter mentioned, Northern Blvd at the entrance to lower roadway to Queensboro Bridge was a public highway and thoroughfare.

14. That on or about July 23, 2021 the aforementioned vehicle in which the plaintiff was a passenger was operating on Northern Blvd at the entrance to the lower roadway to Queensboro Bridge.

15. That on or about July 23, 2021 the plaintiff was caused to sustain severe and disabling injuries as a result of the negligence, carelessness and recklessness of the defendant LIRR in failing to provide him with safe equipment, a safe place and/or safe conditions in which to work.

16. That on or about July 23, 2021 and at all times hereinafter mentioned, plaintiff was caused to sustain severe injuries after the vehicle in which he was a passenger was caused to be struck by the vehicle owned and operated by the defendant D&C.

17. That said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties in the Third Rail Department; for failing to maintain its vehicle in a safe and hazard free condition pursuant to the Motor Vehicle Laws of the State of New York; in failing to replace and/or repair the side- view mirrors in its vehicle and in failing more specifically to replace and/or repair the driver's side-view mirror

18. That the said injuries were incurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

19. That the plaintiff was damaged in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats all previous paragraphs with the same force, effect and meaning as if fully set forth herein.

21. Jurisdiction in this Court is invoked pursuant to pendant jurisdiction in that plaintiff's First Cause of Action is made under the Federal Employer's Liability Act as set forth above and the facts pertaining to each Cause of Action are shared.

22. The within action falls under one or more of the exceptions to Article 16 with regard to joint and severable liability.

23. That on or about July 23, 2021, the aforementioned vehicle owned by defendant D&C and operated with the permission of the defendant D&C was caused to come into violent contact with the vehicle in which the plaintiff was a passenger.

24. That the operator of the defendant D&C'S vehicle failed to stop following the collision and drove away from the site of the accident.

25. That the aforesaid accident was caused solely through and by reason of the negligence and carelessness of the defendant D&C; in the ownership, operation, management and control of their motor vehicle; in negligently and carelessly failing to yield the right of way at an intersection; in permitting and allowing said motor vehicle into contact with the vehicle in which the plaintiff was passenger; in failing to have said motor vehicles under proper, prudent and adequate control; in failing to make adequate use of the braking and/or steering mechanism; in failing to maintain their vehicle in proper working order; in

failing to observe and heed conditions then and there existing; in failing to sound any notice or warning of the approach of their vehicle; in failing to avoid a collision although the operator of the vehicle had full opportunity to avoid same; and in so recklessly and carelessly operating the aforesaid motor vehicles as to cause the aforesaid accident and resulting injuries to plaintiff.

26. That by reason of the foregoing, the plaintiff was severely and seriously injured, suffered and will continue to suffer in the future, pain and injury, has become sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

27. Solely, as a result of the negligence of the defendant D&C, this plaintiff suffered serious injuries as defined in Article 51, Comprehensive Automobile Insurance Reparation Act.

28. That plaintiff has been damaged in a sum in excess of seventy-five thousand dollars. ($75,000.00)

WHEREFORE the plaintiff demands judgment in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in the First Cause of Action, in excess of Seventy-Five Thousand Dollars ($75,000.00) in the Second Cause of Action together with such other relief as the Court may deem just and proper.

Dated: New York, New York
      September 12, 2022

FREDRIC M. GOLD PC
Attorneys for Plaintiffs

By: Fredric M. Gold
450 Seventh Avenue, Suite 1308
New York, New York 10123

To:  Long Island Railroad Company
     Jamaica Station
     Jamaica, New York 11435

     D & C UNITED, INC
     1199 East 53rd Street, Suite 3G
     Brooklyn, New York 11234.